UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JUAN CARTAGENA, | Case No. ED CV 14-0884-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Juan Jesus Cartagena ("Plaintiff") appeals from the decision of the Administrative Law Judge ("ALJ") denying his applications for Disability Insurance and Supplemental Security Income benefits. The Court concludes that the ALJ properly developed the record and then properly determined that Plaintiff was capable of performing other work in the regional and national economies. Therefore, the Commissioner's decision is affirmed and the matter is dismissed with prejudice.

///
///
///
///

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his applications for benefits on July 6, 2011, alleging disability beginning June 7, 2008. Administrative Record ("AR") 10. The ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, facet arthropathy of the lumbar spine (back pain), and obesity. AR 12. At the administrative hearing, the ALJ called a vocational expert ("VE") to testify about what work Plaintiff could perform given his impairments and functional limitations. AR 51-52. The ALJ gave the VE a hypothetical based on what the ALJ determined was Plaintiff's residual functional capacity ("RFC"):

> Q:     Okay, Ms. Porter, assume a hypothetical individual of
> claimant's age, education, prior work experience. Assume this
> person is restricted to lifting 20 pounds occasionally, 10 pounds
> frequently; walking or standing 4 hours out of an 8-hour day in
> one-half hour intervals. Sitting 6 hours out of an 8-hour day with
> normal breaks. No unprotected heights; occasional stairs and
> ramps; occasional stooping and bending. No ladders. No
> temperature extremes. No forceful gripping or grasping with the
> right upper extremity. Could such a hypothetical individual
> perform either of claimant's past jobs?
>
> A:     No, past work is not performable per the [Dictionary of
> Occupational Titles ("DOT")] or as performed.
>
> Q:     Is there other work such a person could perform?

AR 51. In response to the ALJ's question, the VE identified the jobs of production solderer, sewing-machine operator, and garment sorter. AR 51-52. The ALJ relied on the VE's testimony in concluding that Plaintiff was not disabled because he could perform other work available in significant numbers in the national and regional economies. AR 18-19.

## II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred in (1) relying upon the VE's testimony in concluding that Plaintiff was capable of performing other work at step five of the sequential evaluation process; and (2) failing to fully develop the record. See Joint Stipulation ("JS") at 2-3.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

///

///

///

3

**IV.**

**DISCUSSION**

**A.   <u>The ALJ's Step-Five Determination Was Supported by Substantial
Evidence</u>**

Plaintiff contends that the ALJ erred in determining that he was capable
of performing the jobs of production solderer, sewing-machine operator, and
garment sorter because those jobs, as described in the DOT, are incompatible
with the ALJ's RFC assessment. JS at 3-9. More specifically, Plaintiff contends
that the VE only identified jobs that require standing and/or walking for six
hours of an eight-hour workday, which conflicts with the ALJ's RFC
assessment limiting Plaintiff to standing and/or walking for only four out of
eight hours. <u>Id.</u> Plaintiff also argues that the jobs identified by the VE require
frequent "handling," which conflicts with the ALJ's precluding Plaintiff from
"forceful gripping or grasping" with his right upper extremity. <u>Id.</u>

Contrary to Plaintiff's contention, the ALJ's determination at step five of
the sequential evaluation was not inconsistent with the requirements of light
work. Plaintiff has provided no authority for the proposition that his inability
to stand and/or walk for more than four hours per day categorically excludes
him from performing all light work. In fact, the Social Security Regulations
specifically provide that a job may be categorized as light work even if it does
not require a great deal of standing. <u>See</u> 20 C.F.R. §§ 404.1567(b), 416.967(b)
("Even though the weight lifted may be very little, a job is in this category
[light work] when it requires a good deal of walking or standing, <u>or when it
involves sitting most of the time with some pushing and pulling of arm or leg
controls</u>.") (emphasis added); <u>see also</u> <u>Migliore v. Colvin</u>, No. 12-00251, 2013
WL 3935879, at *2 (C.D. Cal. July 29, 2013) (rejecting Plaintiff's argument
that limitation to four hours of walking in and of itself eliminated the ability to
perform any light category job). The VE identified specific "light" jobs that a

4

hypothetical person with Plaintiff's limitations could perform. <u>See</u> AR 51-52. Moreover, the Court has reviewed the requirements listed for the DOT for each of those jobs and nothing in those requirements tells the Court that these jobs require standing and/or walking for more than four hours per day.[1]

Similarly, Plaintiff has not shown that the preclusion from "forceful gripping or grasping" in the RFC assessment prevents him from performing the jobs identified by the VE. Although the Social Security Regulations include seizing, holding, and grasping as types of handling, <u>see</u> SSR 85-15, 1985 WL 56857 at *6 (1985), the DOT lists no requirements for forceful gripping, grasping, or twisting of the hands for any of the three jobs cited by the VE.[2] Thus, although Plaintiff uses the terms "handling" and "forceful gripping or grasping," interchangeably, <u>see</u> JS at 4-7, there is no indication that any of them require forceful gripping or grasping. <u>See, e.g.</u>, <u>Bauslaugh v. Astrue</u>, No. 09-1853, 2010 WL 1875800, at *5 (C.D. Cal. May 11, 2010) (concluding that claimant who was precluded from forceful gripping or grasping failed to show any DOT conflict where the jobs identified by the VE did not specifically require these abilities). "The act of grasping requires a firm hold or grip. Handling can mean simply touching or using the hands. It is improper to conflate the two terms." <u>Czajka v. Astrue</u>, No. 09-0194, 2010 WL 3293350, at *4, (C.D. Cal. Aug. 18, 2010) (emphasis and footnotes omitted); <u>see also</u> <u>Suarez v. Astrue</u>, No. 11-1940, 2012 WL 4848732, at *4 (C.D. Cal. Oct. 11, 2012) ("[N]either handling nor fingering require <u>forceful</u> gripping or

---

[1] <u>See</u> DICOT 813.684-022, 1991 WL 681592 (production solderer); DICOT 786.682-026, 1991 WL 681012 (sewing-machine operator); DICOT 222.687-014, 1991 WL 672131 (garment sorter).

[2] <u>See</u> <u>supra</u> note 1.

1  grasping.").[3] Moreover, "[f]requent handling is not the same as 'forceful'

2  handling." <u>Equihua v. Astrue</u>, No. 10-1022, 2011 WL 321993, at *6 (C.D. Cal.

3  Jan. 28, 2011).

4       Here, the ALJ provided the VE with all of the limitations substantially

5  supported by the medical evidence. Based on these limitations, the VE found

6  that Plaintiff could perform any of three jobs, each of which captures Plaintiff's

7  primary exertional limitations. The VE's testimony provides substantial

8  evidence supporting the ALJ's step-five determination because the VE

9  "identif[ied] a specific job or jobs in the national economy having requirements

10 that the claimant's physical and mental abilities and vocational qualifications

11 would satisfy." <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162-1163 (9th Cir. 2001);

12 <u>see also</u> <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that

13 ALJ properly relied on VE's response to hypothetical that included all of

14 claimant's limitations). Accordingly, the ALJ did not err in finding Plaintiff

15 capable of performing other work in the national economy at step five of the

16 sequential evaluation.

17 **B.    The ALJ Properly Developed the Record**

18       Plaintiff argues that the ALJ did not fully and fairly develop the record.

19 JS at 11-14. There are various treatment notes in the record from Plaintiff's

20 treating provider, Clinica Medica. <u>See, e.g.</u>, AR 268-71, 321-22, 349-51. The

21 ALJ stated that these medical records were not entitled to any weight in part

22 because "it is unclear whether these opinions are from a medically acceptable

---

24       [3] <u>But see</u> <u>Petersen-Keisler v. Colvin</u>, No. 12-1050, 2013 WL 5424843, at

25 *8 (E.D. Cal. Sept. 27, 2013) ("The ALJ's finding that Plaintiff could work in

26 an occupation requiring frequent to constant handling and fingering conflicts

27 with his finding that Plaintiff could not forcefully grip or grasp with her left

28 hand."). The Court finds the cases cited in the text more persuasive on this

point.

source as the signatures are illegible and they are not followed by the staff member's title." AR 17. Plaintiff contends that, if the ALJ could not determine whether the disability statements were from a medically acceptable source because the signatures were illegible, the ALJ had a duty to contact Clinica Medica to determine who completed the forms. JS at 12.

An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ's duty to develop the record is triggered, however, only "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

Here, the ALJ's duty to further develop the record was not triggered because the medical evidence at issue was neither ambiguous nor inadequate. The ALJ rejected the medical records from Clinica Medica not merely because the signature was illegible but primarily because also because those records were "brief, conclusory, and inadequately supported by clinical findings." AR 17. This was a wholly proper basis on which to reject the opinions contained in the Clinica Medica reports. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).[4]

---

[4] It is apparent from the ALJ's decision that the ALJ's concern about these records was heightened by the extreme functional limitations they described. For example, in a Physical Capacities questionnaire, it was opined that Plaintiff could not walk, stand, or sit for more than two hours per day and could never lift any amount of weight. AR 350-51. Without the support of

Additionally, the opinions at issue here are contained in mostly "check-the-box" forms without any supporting clinical or laboratory findings. Whoever filled out these forms checked off preprinted choices and provided little if any elaboration or explanation for these opinions. Thus, even if the records from Clinica Medica had legible signatures from an acceptable medical source, the ALJ would nevertheless have been justified in refusing to give controlling weight to these records. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (noting that ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions"); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (concluding that ALJ permissible rejected treating physician's opinion that was conclusory and unsupported by medical evidence).

Thus, even if the Court assumes that the ALJ erred in rejecting the records from Clinica Medica because of an illegible signature, any error was harmless because the other reasons given by the ALJ were supported by substantial evidence in the record. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context." (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006))).

In sum, it is clear that the ALJ did not have a duty to further develop the record. The records at issue here were neither ambiguous nor inadequate. Accordingly, Plaintiff is not entitled to relief on this claim of error.

/ / /

---

clinical findings, it was proper for the ALJ to reject these opinions. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (holding that ALJ properly rejected treating physician's opinion where some of physician's "recommendations were so extreme as to be implausible and were not supported by any findings made by any doctor").

# V.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is affirmed and the matter is dismissed with prejudice.

Dated:  October 6, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge